UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRENCH,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:18-cv-2191-KJM–KJN<br><br>FINDINGS AND RECOMMENDATIONS ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 14, 15) |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying Plaintiff's application for Title XVI supplemental security income.[1] In his summary judgment motion, Plaintiff primarily contends the Administrative Law Judge ("ALJ") erred in weighing medical evidence and testimony regarding Plaintiff's mental impairments, and erred in formulating Plaintiff's residual functional capacity. The Commissioner opposed and filed a cross–motion for summary judgment.

After considering the parties' written briefing, the record, and the applicable law, the Court recommends DENYING the Commissioner's motion for summary judgment, GRANTING Plaintiff's motion for summary judgment, and REMANDING this case for further proceedings.

///

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15) for findings and recommendations. (See ECF Nos. 8, 9.)

1

# I. BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS[2]

Plaintiff applied for Title XVI supplemental security income on August 18, 2014. (Administrative Transcript ("AT") 179.) Plaintiff claimed the following physical and mental impairments: "depression, anxiety, neck and back pain, arthritis in his legs and arms, and an enlarged liver." (AT 216, 257.) Plaintiff's application was denied initially and again upon reconsideration. (AT 93, 110.) Plaintiff, aided by an attorney, sought review of these denials with an ALJ. (AT 141–43.) At a January 11, 2017 hearing, the ALJ received testimony from Plaintiff, his roommate, and his sister about his conditions, as well as testimony from a vocational expert regarding Plaintiff's ability to work. (AT 37–69.)

On May 25, 2017, the ALJ issued a decision determining that Plaintiff was not disabled for the relevant period. (AT 20–31.) At step one, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since August 18, 2014. (AT 22.) At step two, the ALJ found Plaintiff had the following severe impairments: depression, anxiety, and degenerative disc disease of the cervical and lumbar spine. (Id.) However, the ALJ determined at step three that these impairments did not meet or medically equal the severity of a listed impairment. (AT 23) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1).

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(a). A parallel five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571–76; Bowen v. Yuckert, 482 U.S. 137, 140–42 (1987). The following summarizes the sequential evaluation:
  **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
  **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
  **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
  **Step four**: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
  **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.
Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

Based on these conclusions, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work, except that he could frequently climb and balance; occasionally stoop, kneel, crouch and crawl; perform simple routine tasks; occasionally interact with supervisors, co-workers and the public, and cannot work in tandem. (AT 25.) In reaching this conclusion, the ALJ stated he considered all symptoms and opinion evidence, as per the applicable regulations. (AT 25–31.) Relevant here, the ALJ found that despite the "moderate limitations" to Plaintiff's mental faculties, the RFC adequately addressed Plaintiff's abilities to continue working. Ultimately, the ALJ concluded at step four that Plaintiff was capable of performing past relevant work as a painter for a saw mill, both as generally performed and as Plaintiff performed it. (AT 31–32.)

On June 26, 2018, the Appeals Council denied Plaintiff's request for review. (AT 1–6.) Plaintiff then timely filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross–motions for summary judgment. (ECF Nos. 1, 14, 15, 16.)

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision de novo, and should reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." Buck v. Berryhill, 869 F. 3d 1040, 1048 (9th Cir. 2017). Substantial evidence is more than a mere scintilla, but less than a preponderance; i.e. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Edlund v. Massanari, 253 F. 3d 1152, 1156 (9th Cir. 2001). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Id. The court will uphold the ALJ's conclusion where "the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F. 3d 1035, 1038 (9th Cir. 2008). Further, the court may not reverse the ALJ's decision on account of harmless error. Buck, 869 F. 3d at 1048.

## III. ISSUES PRESENTED

Plaintiff alleges multiple errors on the ALJ's part. (ECF No. 14 at p. 2.) This includes his argument that the ALJ failed to give specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physicians, failed to devise an RFC that reflected Plaintiff's physical and

mental conditions, and failed to properly assess the testimony of Plaintiff and his roommate. Plaintiff indicates that a remand for further proceedings is appropriate.

The Commissioner counters each of Plaintiff's arguments, contending that substantial evidence supported the ALJ's assessment of Plaintiff's limitations and his reliance on the VE's testimony. (ECF No. 24.) Thus, the Commissioner maintains the opinion should be affirmed.

**IV.   DISCUSSION**

As the argument regarding the ALJ's formulation of the mental restrictions in the RFC is dispositive of Plaintiff's motion, the Court focuses on this issue.

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); see also 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). In formulating an RFC, the ALJ weighs medical opinions and the claimant's credibility. See, e.g., Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 (9th Cir. 2009). Further, the ALJ must consider "all of [a claimant's] medically determinable impairments," whether severe or not, when assessing an RFC. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

Plaintiff notes the ALJ crafted an RFC restricting Plaintiff to only "simple, routine tasks," occasional interactions with supervisors, co–workers and the public, and no tandem work. (AT 25.) However, Plaintiff also points out that at step 3, the ALJ assessed "moderate limitations" in each of the four Paragraph B categories: "[1] understanding, remembering, or applying information; [2] interacting with others; [3] concentrating, persisting, or maintaining pace; and [4] adapting or managing themselves." See 20 CFR, Part 404, Subpart P, Appendix 1 at Listing 12.04. Plaintiff relies on Brink v. Comm'r Soc. Sec. Admin., 343 F. App'x 211, 212 (9th Cir. 2009), to argue that the ALJ's formulation of the RFC, and thus his hypotheticals posed to the VE, were incomplete. Conversely, the Commissioner argues that this case is governed by Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008), in that the ALJ's restrictions were adequately supported by medical testimony. Thus, the Commissioner argues that in addition to the fact that the unpublished Brink is not binding, it is simply inapposite.

4

Upon review of these two cases (and their progeny), the Court is persuaded by the rationale of Brink and finds Stubbs-Danielson distinguishable. In Stubbs-Danielson, the Ninth Circuit confronted a situation similar to Plaintiff's—that the claimant was restricted to "simple, repetitive work" despite alleged mental limitations. In rejecting the plaintiff's plea, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." Id. at 1174. Critically, the medical evidence in that case substantially supported the ALJ's determination that the claimant did not have any difficulties or limitations with concentration, persistence, or pace. Id.

A year later, the Ninth Circuit distinguished Stubbs-Danielson in Brink, holding that when an ALJ accepts medical evidence of a claimant's difficulty with concentration, persistence, or pace, an RFC that limits the plaintiff only to "simple, repetitive work" fails to adequately encompass this limitation. Brink, 343 Fed. App'x at 212. In finding error and rejecting the Commissioner's argument premised on Stubbs-Danielson, the Court of Appeals reasoned:

> In Stubbs-Danielson, we held that an "assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with the restrictions identified in the medical testimony." Id. at 1174. The medical testimony in Stubbs-Danielson, however, did not establish any limitations in concentration, persistence, or pace. Here, in contrast, the medical evidence establishes, as the ALJ accepted, that [plaintiff] does have difficulties with concentration, persistence, or pace. Stubbs–Danielson, therefore, is inapposite.

Id. A number of courts have found Brink persuasive on this issue.[3] Cf., e.g., Kuharski v. Colvin, 2014 WL 3385183 at *3 (E.D. Cal. Jul. 10, 2014) ("Consistent with the case-by-case approach employed in these matters, the courts recognize that for plaintiffs who have difficulty maintaining focus for extended periods, an RFC of simple, repetitive work does not adequately capture a

---

[3] Although Brink is an unpublished decision and thus only of persuasive value, it is instructive in regards to how it distinguished Stubbs-Danielson. Ninth Circuit Rule 36-3(b) provides: "Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1." However, Ninth Circuit Rule 36-3(a) provides: "Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."

psychologist's opinion that the plaintiff suffers a moderate limitation in concentration, persistence, or pace."); with, e.g., Gann v. Berryhill, 2018 WL 2441581, *12 (E.D. Cal. May 31, 2018) ("Brink is also limited to the circumstance where there is a concrete limitation in the medical record that the ALJ fails to adequately consider in formulating the claimant's RFC.").

Here, the ALJ recognized that the medical evidence in the record demonstrated that Plaintiff had "moderate difficulties" with regard to concentration, persistence, or pace. (AT 25.) However, aside from the RFC limitation regarding Plaintiff's occasional interaction with supervisors, co-workers, and the public and his inability to work in tandem, the RFC and corresponding rationale fails to address any of Plaintiff's other "moderate limitations"—including concentrating, persisting, or maintaining pace.[4] Further, the medical record supports the ALJ's determination as to these "moderate" mental limitations. (See AT 24, citing Exhibit B1E, B5E, B3F and hearing testimony.) Importantly, the ALJ explicitly rejected the opinion of the medical examiner who opined that Plaintiff had no mental limitations. (See AT 30: "[l]ittle weight is accorded the finding of Dr. White that the claimant faces no limitations from any mental impairment; Dr. White's opinion was based on a single evaluation with no access to the longitudinal record of care.") Accordingly, this case is more analogous to Brink, than Stubbs-Danielson, requiring remand. Brink, 343 Fed. Appx. at 212–213; see also Malta v Saul, 2019 WL 4127203 (E.D. Cal. Aug. 30, 2019) (finding Brink persuasive where the ALJ restricted the claimant to simple, repetitive tasks in the RFC despite findings and medical records supporting moderate limitations in concentration, persistence, or pace at step 3); Friesth v. Berryhill, 2017 WL 901882 (C.D. Cal. Mar. 7, 2017) (same); Lubin v. Commissioner 507 Fed.Appx. 709, 712 (9th Cir. 2013) (relying on Brink, finding that "[b]ecause the ALJ's hypothetical question to the vocational expert did not reflect all of [plaintiff's] limitations, 'the expert's testimony has no evidentiary value to support a finding that [plaintiff] can perform jobs in the national economy.'"). Furthermore, such error was not harmless because the ALJ subsequently used this erroneous RFC

---

[4] Plaintiff concedes the ALJ's limitation to occasional interaction with supervisors, etc. speaks to his ability to [2] interact with others, and the Court agrees. See, e.g., Rogers v. Comm'r of Soc. Sec. Admin., 490 F. App'x 15, 17 (9th Cir. 2012).

determination to find plaintiff not disabled at step four.  See Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001) (the VE's opinion must be based on hypotheticals reflecting all of plaintiff's functional limitations); 20 C.F.R. § 416.945(b) ("A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce your ability to do past work and other work.").

Regarding the remedy sought, the Court recognizes Plaintiff's general request to remand for benefits.  See Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  However, the undersigned cannot say that additional proceedings would have no utility.  Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016).  The ALJ has failed to adequately account for all of Plaintiff's moderate mental limitations, which requires a "more detailed assessment" for Plaintiff's RFC.  See SSR 96-8p.  It may be, as the Commissioner contends, that Plaintiff can still perform his prior work as a painter at a sawmill despite these "moderate" limitations—but this is for the ALJ, and not the Court, to resolve.  Edlund, 253 F. 3d at 1156 ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.").

Finally, this remand will require the ALJ to fully reassess Plaintiff's RFC in light of the medical record.  Thus, as to Plaintiff's other arguments, the Court is confident that the ALJ can adequately address the contentions concerning Dr. Lode and Dr. Stanfield (ECF No. 14 at pp. 14–18), the duty to make adequate factual findings to support the physical limitations in the RFC (id. at pp. 19–23), and the testimony of Plaintiff and any lay witnesses (id. at pp. 28–34).  Simply, on remand, the ALJ should carefully follow Ninth Circuit precedent in assigning weight, as well as "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [an] interpretation thereof, and making findings."  Magallanes, 881 F. 2d at 751.[5]

---

[5] Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion.  Holohan v. Massanari, 246 F. 3d 1195, 1201–02 (9th Cir. 2001).  To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the Court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  Lester v. Chater, 81 F. 3d 821, 831 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be rejected for "specific and

# **RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The Commissioner's motion for summary judgment (ECF No. 15) be DENIED;

2. Plaintiff's motion for summary judgment (ECF No. 14) be GRANTED;

3. This matter be REMANDED for further administrative proceedings; and

4. The Clerk be directed to enter judgment in Plaintiff's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **ten (10)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 18, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

legitimate" reasons. Id. at 830. An ALJ provides specific and legitimate reasons by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [an] interpretation thereof, and making findings." Magallanes v. Bowen, 881 F. 2d 747, 751 (9th Cir. 1989). In evaluating the extent to which an ALJ must credit the claimant's report of his symptoms, the Ninth Circuit follows the two–step analysis of (1) determining whether evidence of an impairment exists that could produce the symptoms alleged, then (2) examining the severity of these symptoms. Revels, 874 F. 3d at 655 (quoting Garrison v. Colvin, 759 F.3d 995, 1014–15 (9th Cir. 2014). To reject third-party reports of a claimant's impairments, the standard is much lower: an ALJ need only "give reasons that are germane to each witness." Id. (citing Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012)).

8