1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRENCH, | No. 2:18–cv–2191–KJM–KJN |
| Plaintiff, | ORDER |
| v. | |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

On February 19, 2020 the magistrate judge filed findings and recommendations ("Findings"), ECF No. 17, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten (10) days. Defendant has filed objections to the findings and recommendations, Def.'s Objs., ECF No. 18, and plaintiff has filed a response to the objections, ECF No. 19, both of which the court has considered.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of the case. Having reviewed the file, the court DECLINES to adopt the findings and recommendations for the reasons explained below.

The magistrate judge finds this case is distinguishable from *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Circ. 2008), in the same way the Ninth Circuit distinguished the facts of *Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. App'x 211 (9th Cir. 2009) from *Stubbs-Danielson* in its opinion in *Brink*. Namely, the magistrate judge points to the fact that, in *Brink* and in this

1  case, the ALJ accepted medical evidence of the claimant's difficulty with concentration,
2  persistence or pace, but nonetheless found the claimant could perform "simple, repetitive work."
3  *Brink*, 343 Fed. App'x at 212.  *See* Findings at 5–6.
4  However, this case appears to be controlled by *Stubbs-Danielson* and not the
5  reasoning in *Brink*.  The ALJ in *Stubbs-Danielson* did, in fact, rely on at least one medical report
6  by a Dr. Eather that "identified 'a slow pace, both in thinking & actions' and several moderate
7  limitations in other mental areas[.]"  *Stubbs-Danielson*, 539 F.3d at 1173; *but see Brink*,
8  343 F. App'x at 212 ("The medical testimony in *Stubbs-Danielson*, however, did not establish any
9  limitations in concentration, persistence, or pace.").[1]  The same medical report nonetheless
10 concluded the claimant "retained the ability to 'carry out simple tasks[.]'"  *Stubbs-Danielson*,
11 539 F.3d at 1173.  Therefore, the court found, the ALJ "translated [the claimant's] condition,
12 including the pace and mental limitations, into the only concrete restrictions available to him—Dr.
13 Eather's recommended restriction to 'simple tasks.'"  *Id.* at 1174; *see also Israel v. Astrue*, 494
14 Fed. App'x 794, 796 (9th Cir. 2012) (characterizing *Stubbs-Danielson* as approving the ALJ's
15 translation of Stubbs-Danielson's moderate limitation in pace into the concrete restriction that he
16 be limited to "simple tasks," because the ALJ's assessment was "consistent with restrictions
17 identified in the medical testimony").  In *Brink*, by contrast, the ALJ "speculatively translate[d] a
18 moderate limitation in concentration, persistence, or pace into a concrete restriction" "without
19 substantial evidence[.]"  *Chavez v. Colvin*, No. 215CV01563JADNJK, 2016 WL 8732079, at *8
20 (D. Nev. July 1, 2016) (citing *Brink*, 343 F. App'x at 212; *Israel*, 494 F. App'x at 796), *report and*
21 *recommendation adopted*, No. 215CV01563JADNJK, 2016 WL 7440470 (D. Nev. Dec. 27,
22 2016) (noting Ninth Circuit's limitation of *Brink* "to cases where an ALJ, without substantial
23 evidence, speculatively translates a moderate limitation in concentration, persistence, or pace into
24 a concrete restriction.").  The ALJ in *Brink* "accepted medical evidence that Brink has moderate
25 difficulty maintaining concentration, persistence, or pace."  *Brink*, 343 F. App'x at 212.
26

---

27 [1] It appears *Brink* mischaracterizes the underlying facts in *Stubbs-Danielson*.  *Stubbs-Danielson*,
   539 F.3d at 1174 (noting ALJ "translated Stubbs–Danielson's condition, *including the pace and*
28 *mental limitations* . . . ." (emphasis added)).

2

However, when the ALJ asked the vocational expert whether Brink could perform simple, repetitive work, the ALJ did not mention these limitations in his question, and apparently incorporated the expert's answer into his findings. *See Brink*, 343 F. App'x at 212. By contrast, when the ALJ asked "whether a claimant with moderate to marked attention and concentration deficits" would be able to perform the simple, repetitive work identified by the vocational expert, the expert responded in the negative. *Id.* Ultimately the ALJ concluded Brink could perform "certain light work." Because the ALJ "accepted that Brink has moderate difficulty with concentration, persistence, or pace," but "nevertheless concluded, contrary to the vocational expert's testimony, that Brink can perform certain light work," the Ninth Circuit found his "conclusion was based on an incomplete hypothetical question, and is not supported by substantial evidence." *Id.*

That is not the case here; the physician reports in the record support the ALJ's finding that, despite having "moderate difficulties" with regard to concentration, persistence or pace, plaintiff could still perform "'simple, routine tasks,' with occasional interactions with supervisors, co-workers and the public, and no tandem work," Findings at 4 (quoting Administrative Record (AR), ECF No. 10, at 25). *See* Def.'s Objs. at 2–3 (citing AR 88–90[2] ("Dalton Report"); AR 104–07 ("Walls Report")). As did the doctors in *Stubbs-Danielson*, both Dr. Dalton and Dr. Walls opined that plaintiff could perform simple tasks with infrequent social interactions, despite his moderate limitations caused by mental impairments. *See* Dalton Report at 85 (noting "moderate" "difficulties in maintaining concentration, persistence or pace" and explaining "moderate limitations in sustained CPP and socialization are possible which likely limit clmt [sic] to simple tasks/work"); *id.* at 90 ("As outlined, clmt's [sic] mental capacity appears adequate for simple work. He's likely to work best in settings with infrequent social or public interactions/demands."); Walls Report at 101–102, 107 (same). Accordingly, this case is more analogous to *Stubbs-Danielson* than it is to *Brink*, because it appears the ALJ did rely on medical evidence when he reached the conclusion that plaintiff's moderate difficulties in

---

[2] Citations to the Administrative Record refer to the internal pagination in the bottom right-hand corner, not the pagination imposed by the CM/ECF system.

maintaining concentration, persistence or pace would not prevent him from performing "'simple, routine tasks,'" with "occasional interactions with supervisors, co-workers and the public, and no tandem work." Findings at 4 (quoting AR at 25).

     For these reasons, the findings and recommendations are not adopted, and the matter is referred back to the magistrate judge for further consideration of the parties' arguments he has not yet addressed, consistent with this order.

     IT IS SO ORDERED.

DATED: September 2, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE